■ In the Matter of the Claim of MONIQUE O'CONNOR, Respondent, v. JOHNSON AND JOHNSON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits; appellants contending, first, that death resulted from a deviation from the employment, and, second, that there was no New York employment within the jurisdiction of the board. Decedent was an outside drug salesman, working out of his home, where, incidentally, his necessary paper work was largely performed, equipment therefor, including a typewriter, being furnished by the employer. He had no fixed place of work and was not required to check in or out of any office of the employer. He had no fixed hours and, occasionally at least, worked until late evening and while drugstores remained open. There was some evidence that he intended to make three business calls on the evening of the accident, and came to his death while driving to his home in the company automobile regularly furnished him and in which he was then transporting business supplies and equipment, the accident occurring shortly after midnight, on the direct route to his home and but a few blocks from it, when the car left the pavement and struck a tree. Under all these circumstances, decedent would ordinarily be considered within the course of his employment while on his way home and the accident would be deemed to have occurred within the time and space limits of the employment and hence to be presumptively compensable. (Workmen's Compensation Law, § 21; *Matter of Church* v. *Worthington Corp.* 12 A D 2d 571, motion for leave to appeal denied 9 N Y 2d 609; *Matter of Ackerman* v. *Dairymen's League Co-op. Assn.*, 10 A D 2d 112, motion for leave to appeal denied 8 N Y 2d 706, and authorities cited at pp. 115–116 of

Appellate Division opinion.) Appellants contend, however, that the accident resulted from decedent's personal activities in deviation from the employment, there being evidence that he had two cocktails and a bottle of ale with his dinner after 6:00 P.M. and that some time thereafter he had additional drinks at a hotel bar where he occupied a table and visited other tables. If "the accident resulted from risks produced by the personal activities", if they constituted "the peril that resulted in his death" (*Matter of Pasquel* v. *Coverly,* 4 N Y 2d 28, 30, 32), then, of course, appellants are absolved. The board has, however, found to the contrary and we perceive no basis upon which we can disturb that factual determination. There has been no demonstration that the personal activities caused the accident; but, while appellants do not directly charge decedent with intoxication, the clear inference from their argument is that the personal activity to which they attribute the accident was his consumption of alcohol, and no other personal activity seems to be suggested as a causative factor. Even proven intoxication will not bar award unless it is found to have been the sole cause of the accident (Workmen's Compensation Law, § 21, subd. 4), and the acceptance of appellants' apparent theory of causation would, in effect, vitiate that statutory provision. In this case, however, we need not rest our decision solely on that ground as we are, in any event, unable to find that the board's factual determination of causation was in error as a matter of law. We find no merit in appellants' denial of jurisdiction. There was substantial evidence that decedent was hired in New York and that his work — transitory in nature and not at a fixed location — was supervised from the Buffalo office of his employer, to which reports of his day-to-day activities were sent, the employer's head office being in New Jersey; that although he lived in Erie, Pennsylvania, his sales territory extended into New York and that he spent more than half of his working time there. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.